```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO RAMIREZ, *on Behalf of Himself and All Others Similarly Situated*,

                Plaintiff,

                -against-

400 WEST 23RD STREET RESTAURANT CORP., *doing business as* THE RAIL LINE DINER; IRENE NICTAS; TEDDY NICTAS;

                Defendants.

19-CV-10571 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on March 24, 2020, Defendants informed the Court that Defendant 400 West 23rd Street Restaurant Corp. had filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code, Dkts. 15, 16;

       WHEREAS on March 25, 2020, the Court directed the Clerk of Court to stay the case, Dkt. 17;

       WHEREAS on November 11, 2020, the parties informed the Court that the bankruptcy case had been dismissed, Dkt. 21;

       WHEREAS as part of a pilot program for cases involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, all FLSA cases on this Court's docket must go through mediation;

       IT IS HEREBY ORDERED that prior to the case management conference pursuant to a Fed. R. Civ. P. 16(b), the Court is referring this case to mediation under Local Civil Rule 83.9 and that mediation shall be scheduled within sixty days of the entry of this Order on the docket.

IT IS FURTHER ORDERED that to facilitate mediation the parties shall, within four weeks of the entry of this Order of the docket, confer and provide the following:

1. Both parties shall produce any existing documents that describe Plaintiff's duties and responsibilities.

2. Both parties shall produce any existing records of wages paid to and hours worked by the Plaintiff (e.g., payroll records, time sheets, work schedules, wage statements and wage notices).

3. Plaintiff shall produce a spreadsheet of alleged underpayments and other damages.

4. Defendants shall produce any existing documents describing compensation policies or practices.

5. If Defendants intend to assert an inability to pay then they shall produce proof of financial condition including tax records, business records, or other documents demonstrating their financial status.

IT IS FURTHER ORDERED that in the event the parties reach settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), they shall prepare a joint statement explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable. The settlement agreement and joint statement shall be presented to the assigned District Judge, or to the assigned Magistrate Judge should the parties consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at https://nysd.uscourts.gov/node/754).

IT IS FURTHER ORDERED that, in the event the parties do not reach a settlement, they shall promptly meet and confer pursuant to Fed. R. Civ. P. 26(f) in preparation for their initial pretrial conference with the Court. Counsel who have noticed an appearance as of the issuance of

this order are directed to notify all other parties' attorneys in this action by serving upon each of them a copy of this order. If unaware of the identity of counsel for any of the parties, counsel receiving this order must send a copy of this order to that party directly.

    IT IS FURTHER ORDERED that the deadline for Defendant(s) to answer or otherwise respond to the Complaint, if Defendant(s) has not already answered or otherwise responded, shall be stayed until 30 days after the conclusion of all Mediation in this case. No later than one week after the conclusion of Mediation, the parties must submit a joint letter informing the Court whether they were able to settle this case.

    The Clerk of Court is respectfully directed to lift the stay in this case.

**SO ORDERED.**

**Date:  November 12, 2020**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**